IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ARTHUR LEE MOORE**                                                                       **PLAINTIFF**

v.                                                            CIVIL ACTION NO. 5:20-cv-165-DCB-MTP

**CITY OF NATCHEZ, ET AL.**                                                             **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion to Dismiss [28] filed by Defendants City of Natchez and Walter Armstrong. Having considered the Motion, the record, and the applicable law, the undersigned recommends that Plaintiff's claims against Defendants City of Natchez and Walter Armstrong be dismissed without prejudice.

On August 6, 2020, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. This action arises from Plaintiff's arrest and pretrial detention for the murder of James Henry Williams. Plaintiff named as Defendants Circuit Court Judge Lillie Blackmon Sanders, Municipal Court Judge Lisa Jordan Dale, District Attorney Shameka Collins, Adams County, Travis Patten, City of Natchez, and Walter Armstrong.[1]

On June 28, 2021, the City and Armstrong filed the instant Motion [28], arguing that they should be dismissed from this action for Plaintiff's failure to state a claim under Fed. R. Civ. P. 12(b)(6), or alternatively, that they should be dismissed under *Heck v. Humphrey*. These Defendants also argue that, in lieu of their dismissal, all proceedings in this action should be stayed until Plaintiff's criminal charge is fully and finally resolved.[2]

---

[1] On April 27, 2021, the Court dismissed Plaintiff's claims against Judge Sanders, Judge Dale, and D.A. Collins as frivolous. *See* Order [17].

1

Plaintiff alleges that the Natchez Police Department violated his constitutional rights by "falsely accusing" him of the murder of James Williams and "falsely imprisoning" him for this crime. *See* [16] at 4.  Plaintiff further alleges that detectives with the police department "ignored all other reasonable logic evidence along with forensic evidence" and "deliberately ruled out all other possible suspects." *Id*.  According to Plaintiff, Armstrong was the chief of the Natchez Police Department at the time of Plaintiff's arrest and the City employed the Police Department.

Along with their Motion [28], Defendants submitted records from the Circuit Court of Adams County, Mississippi, showing that Plaintiff was indicted for murder on September 8, 2020. *See* [28-2].[3]  His trial was initially set for the February, 2021, term but was continued to June 29, 2012 and then continued once more to October 5, 2021. *See* [28-3]; [36].

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a successful civil rights action that would necessarily imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court. *Id*. at 489-91.  Here, Plaintiff has not been convicted of murder, but his claims against the City and Armstrong relate "to rulings that will likely be made in a pending or anticipated criminal trial." *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

---

[2] Plaintiff did not file a response to the Motion [28].

[3] As the documents submitted by Defendants are public records, the Court may consider them in deciding the instant Motion to Dismiss, without converting the Motion into a motion for summary judgment. *See Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995) ("Federal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss."); *Causey v. Par. of Tangipahoa*, 167 F. Supp. 2d 898, 906 (E.D. La. 2001) ("the Court is entitled to consider [an arrest warrant] in connection with a Rule 12(b)(6) motion."); *Andreen v. Lanier*, 573 F. Supp. 2d 1, 2 n.1 (D.D.C 2008) (holding that in a civil challenge to an alleged unlawful search, "[t]he Court may take judicial notice of the search warrant and affidavit without converting the motion to dismiss into a motion for summary judgment").

While the rule in *Heck* does not extend to pending criminal matters, a successful § 1983 false arrest action could impugn a conviction and, thus, could implicate *Heck*. *Id*. At this point, however, it is premature to determine whether Plaintiff's claim is barred by *Heck*, and Plaintiff's claims should not move forward before the criminal case has run its course. *Id*. 394 ("If a plaintiff files a false-arrest claim before he has been convicted . . ., it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.").

In circumstances such as those here, courts have the option of staying § 1983 claims or dismissing the claims without prejudice. *See Graham v. Starks*, 2014 WL 1091180 (N.D. Miss. Mar. 19, 2014) (finding that a dismissal without prejudice was a more efficient use of resources under the circumstances of the case); *Grimes v. Johnson*, 2016 WL 6892496 (W.D. La. Nov. 22, 2016); *Tang v. Missouri City Police Dep't*, 2016 WL 7048720 (S.D. Tex. Dec. 1, 2016). As Plaintiff's claims against Adams County and Travis Patten remain pending,[4] the undersigned finds a dismissal of Plaintiff's claims against the City and Armstrong without prejudice to be the appropriate choice so that the remainder of the case may proceed.

## RECOMMENDATION

Based on the foregoing reasons, the undersigned recommends that:

1. The Motion to Dismiss [28] be GRANTED to the extent it requests a dismissal without prejudice and

2. Plaintiff's claims against the City of Natchez and Walter Armstrong be dismissed without prejudice to Plaintiff's ability to bring a § 1983 action upon final resolution of his criminal case.

---

[4] Plaintiff alleges that Adams County was responsible for appointing him counsel in his pending criminal matter and that there was a delay in counsel being appointed. Plaintiff alleges that Travis Patten, as the Sheriff of Adams County, failed to take proper measures to abate the spread of communicable diseases at the Adams County Jail.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 30th day of September, 2021.

                                                        s/ Michael T. Parker
                                                        United States Magistrate Judge